IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH WARE,

    Plaintiff,                    No. CIV S-09-0241 DAD P

    vs.

D.K. SISTO, et al.,                ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as defendants Warden D.K. Sisto, Associate Warden V. Singh, Captain Peck, Captain Nuering, Lieutenant Roszko, Sergeant Orrick, and Officer Clarey. At all relevant times, the defendants were employed at California State Prison, Solano. (Compl. at 4.)

In his complaint, plaintiff alleges that, on January 7, 2008, a work stoppage occurred throughout the Level III Facilities at California State Prison, Solano and that a similar work stoppage with increased volatility occurred on January 8, 2008. According to plaintiff, inmates could not safely report to work as a result of the work stoppage because they would have to cross a strike line and likely be attacked or assaulted. Plaintiff maintains that prison officials were on notice that inmates who reported to work were likely to be attacked or assaulted. In fact, plaintiff alleges that there were screams and threats of violence directed at inmates who attempted to cross the strike line and report to work. (Compl. at 7-10 & Exs. A & D.)

Plaintiff alleges that despite these circumstances, on January 9, 2009, the Vice-Chairman of the Men's Advisory Committee informed inmates that whoever did not report for

3

work would receive a rules violation for refusing to do so. The Vice-Chairman asked defendant Peck if he could guarantee an inmate's safety if he crossed the strike line, and defendant Peck allegedly said he could not guarantee a prisoner's safety if he reported to work. (Compl. at 7-8.)

Plaintiff alleges that defendant Clarey issued him a boilerplate rules violation report for refusing to report to work, and defendant Orrick reviewed and approved the violation even though it allegedly contained errors and inconsistent statements. Defendant Roszo subsequently found plaintiff guilty of refusing to work and assessed him thirty days loss of credits and ninety days loss of privileges, including visits, canteen privileges, and quarterly packages. (Compl. at 8-11 & Ex. B.)

Plaintiff claims that defendants violated his rights under the Eighth Amendment and the Fourteenth Amendment. In terms of relief, plaintiff requests compensatory damages in the amount of $10,000 from each defendant and punitive damages in the amount of $20,000. He also requests that the court vacate prison officials' guilty finding and dismiss the rules violation conviction at issue in this action. (Compl. at 12-17.)

**ANALYSIS**

Plaintiff's complaint fails to state a cognizable claim for relief and should be dismissed without prejudice. Plaintiff is advised that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original). See also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing a § 1983 action for declaratory relief and monetary damages because a successful challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the punishment imposed); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding a § 1983 action for damages that was based on
/////

"actions whose unlawfulness would render a conviction or sentence invalid" when the conviction or sentence has not yet been reversed, expunged, or otherwise invalidated to be barred).

In this case, plaintiff's claims against the named defendants for their alleged conduct leading up to, and related to, his rules violation conviction are barred because a judgment in plaintiff's favor would necessarily imply the invalidity of his disciplinary sentence. More specifically, if plaintiff establishes that defendants violated his rights under the Eighth Amendment and Fourteenth Amendment, his success on the claims would necessarily imply the invalidity of his thirty days loss of time credits. At this time, plaintiff's thirty days loss of time credits has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.[1] See Heck, 512 U.S. at 486-87; Edwards v. Balisok, 520 U.S. 641, 643 (1997) (prisoner's claim not cognizable under § 1983 because "[t]he principal procedural defect complained of by [plaintiff] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits"); see also Simpson v. Thomas, 528 F.3d 685, 694 (9th Cir. 2008) ("[T]he Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.") (italics in original). Accordingly, plaintiff's claims are not cognizable in this § 1983 action. Plaintiff's request for a reversal of his rules violation and restoration of his time credits must be raised in habeas corpus proceedings. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Under the circumstances of this case, no amendment could change the fact that plaintiff's complaint fails to state a cognizable claim. Accordingly, the court will recommend

---

[1] The court notes that in addition to monetary damages, plaintiff specifically seeks an order vacating the guilty finding and dismissing the rules violation conviction.

dismissal of this action without leave to amend.  See <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296-97 (9th Cir. 1990).

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 27, 2009 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 18, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ware0241.56

6